| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number (if known): _____  Chapter 11 | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**  
Goodman Networks Incorporated

**2. All other names debtor used in the last 8 years**  
Multiband 401(k) Retirement Plan, Multiband Corporation, Multiband MDU Incorporated  
Multiband EWS, Inc., Multiband EWM, Inc., Multiband Digital Universe, Inc.

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
74-2949460

**4. Debtor's address**

Principal place of business  
2801 Network Blvd.  
Number    Street  
Suite 300  
Frisco, Texas 75034  
City    State    Zip Code  

Collin County, Texas  
County

Mailing address, if different from principal place of business  
Number    Street  
P.O. Box  
City    State    Zip Code

Location of principal assets, if different from principal place of business  
Number    Street  

City    State    Zip Code

**5. Debtor's website (URL)**  
http://goodmannetworks.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor    **Goodman Networks Incorporated**           Case number *(if known)*
       Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5179 (Other Telecommunications)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When MM/DD/YYYY | Case number |
|---|---|---|---|
| | District | When MM/DD/YYYY | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list.

Debtor **See Rider 1**     Relationship **Affiliate**

District **Southern District of Texas**     When **3/13/2017** MM / DD / YYYY

Case number, if known _____

| Debtor | **Goodman Networks Incorporated** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____
City                                   State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name      _____
        Phone             _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49              ☐ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000          ☐ 50,001-100,000
☐ 100-199           ☒ 10,001-25,000         ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000            ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☒ $100,000,001-$500 million   ☐ More than $50 billion

Debtor   **Goodman Networks Incorporated**          Case number *(if known)*
         Name

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- | --- |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/13/2017**
               MM/ DD / YYYY

✘   **/s/ John Debus**                                **John Debus**
    Signature of authorized representative of debtor   Printed name

    Title   **Interim Chief Financial Officer**

**18. Signature of attorney**

✘   **/s/ Stephen M. Pezanosky**                      Date   **3/13/2017**
    Signature of attorney for debtor                          MM/ DD/YYYY

    **Stephen M. Pezanosky**
    Printed name

    **Haynes and Boone LLP**
    Firm name

    **2323 Victory Avenue, Suite 700**
    Number           Street

    **Dallas**                              **Texas**         **75219**
    City                                    State             ZIP Code

    **(214) 651-5000**                      **stephen.pezanosky@haynesboone.com**
    Contact phone                           Email address

    **15881850**                            **Texas**
    Bar number                              State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

**Fill in this information to identify the case**:

United States Bankruptcy Court for the:
_____Southern District of Texas_____
_____(State)
Case number *(if known):* _____    Chapter __11__

☐ Check if this is an amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Goodman Networks Incorporated.

- Goodman Networks Incorporated
- Multiband Field Services, Inc.
- Goodman Networks Services, LLC

# Goodman Networks Incorporated

RESOLUTIONS ADOPTED
BY THE BOARD OF DIRECTORS

MARCH 13, 2017

**The Board of Directors of Goodman Networks Incorporated took the following actions and adopted the following resolutions pursuant to the bylaws of Goodman Networks Incorporated:**

WHEREAS, the board of directors (the "Board") of Goodman Networks Incorporated (the "Company") reviewed the materials presented by the Company's management and advisors regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses, creditors, and other parties in interest;

WHEREAS, the Board has had the opportunity to consult with the Company's management team and financial and legal advisors and fully consider each of the strategic alternatives available to the Company;

WHEREAS, pursuant to the direction of the Board, the Company's management and advisors engaged in good-faith negotiations with the Company's senior secured noteholders and stockholders regarding the terms of a comprehensive restructuring as set forth in that certain Restructuring Support and Forbearance Agreement dated as of January 24, 2017 (as amended, the "Restructuring Support Agreement");

WHEREAS, the Board, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, authorized the Company to enter into the Restructuring Support Agreement with certain participating secured noteholders and Company stockholders;

WHEREAS, pursuant to the direction of the Board, the Company's management and advisors engaged in good-faith negotiations with the Company's senior secured noteholders over the terms of the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (the "Prepackaged Plan");

WHEREAS, the Board, on March 1, 2017, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, approved the Prepackaged Plan and disclosure statement related thereto for solicitation of votes from the holders of the secured notes claims and holders of the Company common stock entitled to vote on the Prepackaged Plan and for filing with the United States Bankruptcy Court for the Southern District of Texas, if and when appropriate, and solicitation of the Prepackaged Plan commenced on March 3, 2017;

**WHEREAS**, the Board, on November 21, 2016, based on its business judgment and acting in the best interests of the Company, its creditors, shareholders, and other parties in interests, has authorized the Company to retain the services of FTI Consulting, Inc. and appoint John Debus as the Company's interim Chief Financial Officer; and

**WHEREAS**, the deadline for the receipt of votes to accept or reject the Prepackaged Plan is April 3, 2017.

I. **Voluntary Petition under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and

**RESOLVED**, that the officers of the Company (the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings, and other papers or documents as necessary to commence the chapter 11 case and obtain chapter 11 relief, and to take any and all further acts and deeds that they deem necessary, proper, and desirable in connection with the chapter 11 case, with a view to the successful prosecution of such chapter 11 case;

II. **Retention of Professionals**

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Haynes and Boone, LLP as local bankruptcy counsel and as special corporate counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay

2

appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Haynes and Boone, LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Jefferies LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Jefferies LLC;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants, LLC as noticing, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants, LLC;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ FTI Consulting, Inc., to continue to assist the Company in carrying out its duties under the Bankruptcy Code, to provide the Company with an interim Chief Financial Officer, who shall be John Debus, along with certain additional personnel, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed appropriate applications for authority to retain the services of FTI Consulting, Inc.;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ June Creek Interests, as crisis manager, to continue to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed appropriate applications for authority to retain the services of June Creek Interests;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate

3

retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### III. Cash Collateral and Adequate Protection

**RESOLVED**, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized and directed to seek approval of a cash collateral order in interim and final form (a "Cash Collateral Order"), and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing secured noteholders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

### IV. Further Actions and Prior Actions

**RESOLVED**, that all members of the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

4

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * * * *

The undersigned hereby certify as follows:

1. I am a duly qualified and appointed officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions duly adopted by the Board in accordance with the Company's bylaws.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 13th day of March 2017.

By: _____
Name: John Goodman
Title: Chief Executive Officer

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Goodman Networks Incorporated, *et al.* |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number *(If known)*: | |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 1 | Texas Comptroller of Public Accounts<br>111 East 17th Street<br>Austin, TX 78714-9354 | Name: General Counsel<br>Tel: 800-252-5555<br>Fax: 512-463-4902<br>Email: | Sales Tax | C/U/D | | | $34,448,000.00 |
| 2 | Directv, Inc. (AT&T)<br>2230 E. Imperial Hwy<br>El Segundo, CA 90245 | Name: Todd Bartlett<br>Tel: 303-712-4402<br>Fax:<br>Email: tdbartlett@directv.com | Trade | | | | $11,607,241.94 |
| 3 | Donlen Corporation<br>c/o JP Morgan Chase Bank<br>Lock Box 70042<br>Chicago, IL 60673-0042 | Name: Pat Mazzone<br>Tel: 847-412-5381<br>Fax:<br>Email: info@donlen.com | Trade | | | | $1,868,100.00 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 4 | Talon7, LLC 7701 E Kellogg Dr, Ste 890 Wichita, KS 67207 | Name:  Tara Callahan Tel:  954-809-1852 Fax: Email: tcallahan@talon7.com | Trade | | | | $1,252,483,24 |
| 5 | Morrow Meadows Corporation 1050 Bing Street San Carlos, CA 94070 | Name:  Jason Alvarez Tel:  650-634-0682 Fax:  650-634-0683 Email: jalvarez@morrow-meadows.com | Trade | | | | $722,325.58 |
| 6 | Duane Morris LLP 30 S. 17th Street Philadelphia, PA 19103 | Name:  Brian A Pitts Tel:  215-979-1502 Fax:  215-979-1020 Email: BPitts@duanemorris.com | Trade | | | | $611,072.95 |
| 7 | Alliance Communication Cables, Inc 70 Demarest Dr Wayne, NJ 07470-6702 | Name:  Stephen Diotte Tel:  905-817-9243 Fax:  905-821-8032 Email: sdiotte@alliancecomm.com | Trade | | | | $595,164.23 |
| 8 | DW Direct 14608 Riverside Dr. Apple Valley, CA 92307 | Name:  Daniel Wilson Tel:  760-559-0318 Fax: Email: danielwilson@dwdirectinc.com | Trade | | | | $533,525.07 |
| 9 | Empath 301 Commerce Drive Moorestown, NJ 08057 | Name:  Robert Halgas Tel:  856-642-0008 Fax: Email: rch@rchcable.com | Trade | | | | $546,738.96 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 10 | Calltek Center International Incorporated  2640 Main St  Irvine, CA 92614 | Name:  Ken Wang  Tel:  949-268-9199  Fax:  Email:  ken_wang@mail2.calltekcenter.com | Trade | | | | $410,863.92 |
| 11 | Bullseye Supply Group LLC  322 Orchard Avenue  St. Louis, MO 63119 | Name:  Mark O'Neal  Tel:  314-484-1904  Fax:  Email:  mark@bullseyesupplygroup.com | Trade | | | | $763,230.21 |
| 12 | Kcom FlexForce LLC  701 B St., Suite 1350  San Diego, CA 92101 | Name:  Finance  Tel:  619-330-3100  Fax:  619-330-3109  Email:  Jackeline.lopez@kineticom.com | Trade | | | | $324,605.60 |
| 13 | Next Solutions  546 Brandies Circle, Ste. 101  Murfreesboro, TN 37128 | Name: Morgan McChesney  Tel: 615-546-4819  Fax:  Email:  hrsupport@nextsolutionllc.com | Trade | | | | $304,437.66 |
| 14 | Experis US, Inc  29973 Network Place  Chicago, IL 60673-1299 | Name:  Kimberly Purdy  Tel:  480-777-6718  Fax:  480-777-6601  Email:  Kimberly.Purdy@manpowergroup.com | Trade | | | | $285,148.17 |
| 15 | Perley Cable Construction Inc.  1295 Lourdes Rd  Metamora, IL 61548 | Name:  James L Perley  Tel:  309-208-1696  Fax:  309-383-2657  Email:  jim@pccigroup.com | Trade | | | | $250,000.00 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 16 | Perfect 10<br>3901 Progress St<br>North Little Rock, AR 72114 | Name:  Krystal Ready<br>Tel:  800-205-8620 ext 3027<br>Fax:<br>Email:  krystal.ready@perfect-vision.com | Trade | | | | $389,085.96 |
| 17 | Starlight Communications<br>240b Friendship Ave.<br>Hellam, PA 17406 | Name: Hany Romany<br>Tel: 717-608-9723<br>Fax:<br>Email: hanyromany@aol.com | Trade | | | | $297,998.31 |
| 18 | Marconi Development Group, LLC<br>9185 Paysphere Circle<br>Chicago, IL, 60674 | Name:  Geetha Jay<br>Tel:  508-333-6169<br>Fax:<br>Email:  geetha.jay@marconidgroup.com | Trade | | | | $198,640.00 |
| 19 | MJ Underground<br>1127 W. Larona Ln<br>Tempe, AZ 85284 | Name:  Matt Espalin<br>Tel:  706-994-9992<br>Fax:<br>Email:  mespalin@hotmail.com | Trade | | | | $193,140.00 |
| 20 | B.I.T. Services LLC<br>384 VZ County Road 3432<br>Wills Point, TX 75169-7200 | Name:  Raymond Redding<br>Tel:  469-853-9894<br>Fax:<br>Email:  rredding@bitservicesllc.com | Trade | | | | $154,181.07 |
| 21 | Southern Tower LLC<br>1220 Mcmillan St E<br>Talladega, AL 35160 | Name:  Kristina Gunter<br>Tel:  912-398-6326<br>Fax:<br>Email:  info@southern-towers.com | Trade | | | | $153,819.00 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 22 | AT&T Mobility<br>188 Inverness Dr. West<br>Suite 400<br>Englewood, CO 80112 | Name: John Vascil<br>Tel: 214-679-7886<br>Fax:<br>Email: john.vascil@att.com<br><br>Name: Sean Burke<br>Tel: 972-470-7420<br>Fax:<br>Email: smburke@att.com | Trade | | | | $140,000.00 |
| 23 | Fiberlink USA LLC<br>7360 E. Acoma Dr. Suite #9<br>Scottsdale, AZ 85260 | Name: Robert F. Leibmann<br>Tel: 480-819-9999<br>Fax: 480-699-9540<br>Email: | Trade | | | | $136,993.00 |
| 24 | Gallagher Bassett Service Incorporated<br>15763 Collections Center Dr<br>Chicago, IL, 60693 | Name: Michelle Johnson<br>Tel: 972-728-1123<br>Fax: 844-651-8990<br>Email: michelle_johnson@gbtpa.com | Trade | | | | $124,700.00 |
| 25 | KPMG LLP<br>123 Town Square Pl<br>Jersey City, NJ 07310 | Name: Vincent Remigio<br>Tel: 214-840-2258<br>Fax: 214-853-4216<br>Email: vincentcremigio@kpmg.com | Trade | | | | $123,650.00 |
| 26 | Tessco<br>11126 McCormick Rd<br>Hunt Valley, MD 21031 | Name: Sean Conran<br>Tel: 410-229-1392<br>Fax:<br>Email: Conran@tessco.com | Trade | | | | $113,880.20 |
| 27 | US Instrument Services<br>1607 Hart St. Suite 200<br>Southlake, TX 76092 | Name: Cliff Chapman<br>Tel: 817-481-1666<br>Fax: 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<br>Email: cliff@us-instrument.com | Trade | | | | $105,719.66 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 28 | RSM US LLP<br>5155 Paysphere Circle<br>Chicago, IL 60674 | Name:  Denise Curtis<br>Tel:  972-764-7006<br>Fax:  972-764-7111<br>Email: denise.curtis@rsmus.com | Trade | | | | $98,709.50 |
| 29 | Gallagher Bassett<br>2 Pierce Place<br>Itasca, IL 60143 | Name:  Amy King<br>Tel:  630-285-3527<br>Fax:  630-285-4003<br>Email: Amy_King@gbtpa.com | Trade | | | | $87,000.00 |
| 30 | Microsoft Corporation<br>1950 N. Stemmons Fwy Ste. 5010 LB #842467<br>Dallas, TX 75207 | Name:  Enver Venzuela<br>Tel:  866-922-5136<br>Fax:<br>Email: v-envenz@microsoft.com | Trade | | | | $81,658.78 |

Fill in this information to identify the case and this filing:

Debtor Name       **Goodman Networks Incorporated,** *et al.*

United States Bankruptcy Court for the:     Southern District of Texas
(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**3/13/2017**           ☒ */s/ John Debus*
MM/ DD/YYYY           Signature of individual signing on behalf of debtor

**John Debus**
Printed name

**Interim Chief Financial Officer**
Position or relationship to debtor

Official Form 202       **Declaration Under Penalty of Perjury for Non-Individual Debtors**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GOODMAN NETWORKS INCORPORATED, | ) ) | Case No. 17-_____ (___) |
| Debtor. | ) ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Jason Goodman | [Redacted] | 14.6% |
| Jonathan Goodman | [Redacted] | 14.1% |
| John Goodman | [Redacted] | 14.1% |
| James Goodman | [Redacted] | 11.5% |
| Joseph Goodman | [Redacted] | 8.2% |
| Ron Hill | [Redacted] | 6.6% |
| John Goodman Family Trust | [Redacted] | 5.5% |
| Alcatel-Lucent USA Inc. | 600 Mountain Avenue Murray Hill, NJ 07974 | 5.2% |
| The Stephens Group, LLC | 100 Morgan Keegan Drive, Suite 500 Little Rock, AR 72202a | 4.8% |
| Jonathan Goodman Family Trust | [Redacted] | 2.4% |
| William Darkwah | [Redacted] | 2.2% |
| Scott Picket | [Redacted] | 2.1% |
| Gabriela Sutto Goodman Family Trust | [Redacted] | 2.0% |
| Joseph Marc Goodman Trust | [Redacted] | 2.0% |
| Cayenne Soni Goodman Family Trust | [Redacted] | 1.7% |
| SEP Trust | [Redacted] | 1.0% |
| Skip Hulett | [Redacted] | 0.7% |
| The Goodman Foundation | [Redacted] | 0.5% |
| Alarica Pickett Trust | [Redacted] | 0.3% |
| Pickett Trust | [Redacted] | 0.3% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Goodman Networks Incorporated** |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration        List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**3/13/2017**               ☒ */s/ John Debus*
MM/ DD/YYYY              Signature of individual signing on behalf of debtor
                         **John Debus**
                         Printed name
                         **Interim Chief Financial Officer**
                         Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**