## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
03/14/2017

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GOODMAN NETWORKS INCORPORATED, *et al.,*[1] | ) ) | Case No. 17-31575 (MI) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) ) | **Re: Docket No. 27** |

### ORDER (A) SCHEDULING A COMBINED DISCLOSURE
### STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING,
### (B) APPROVING THE SOLICITATION PROCEDURES AND DATES, DEADLINES,
### AND NOTICES RELATED THERETO, (C) DIRECTING THAT A MEETING
### OF CREDITORS NOT BE CONVENED, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline and approving related procedures, (c) approving the Reply Deadline, (d) approving the Solicitation Procedures, (e) approving the form and manner of the Confirmation Hearing Notice and the Cure Notice, (f) directing that the U.S. Trustee not convene the meeting of creditors under section 341(e) of the Bankruptcy Code if the Plan is confirmed within 75 days of the Petition Date, (g) allowing the notice period for the Disclosure Statement and Confirmation Hearing to run simultaneously, and (h) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); and Multiband Field Services, Inc. (1746). The location of the Debtors' service address is 2801 Network Blvd., Suite 300, Frisco, Texas 75034.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, Plan, or Disclosure Statement, as applicable.

found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on April 20, 2017, at 10:00 a.m..

2.     Any objections to adequacy of the Disclosure Statement and confirmation of the Plan shall be filed on or before April 13, 2017, at 4:00 p.m..

3.     Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before April 18, 2017, at 4:00 p.m..

4.     Any objections to the Disclosure Statement or confirmation of the Plan must:

    a.     be in writing;

    b.     comply with the Bankruptcy Rules and the Local Bankruptcy Rules;

    c.     state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity;

2

     d.     state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

     e.     be filed with this Court by the Objection Deadline.

5.     Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

6.     The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, and the Cure Notice, substantially in the form attached hereto as **Exhibit 3**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

7.     The Debtors are authorized to enter into transactions to cause the Publication Notice to be published in the *USA Today (National Edition)* and the *Dallas Morning News* within five business days following entry of this Order, and to make reasonable payments required for such publication.  The Publication Notice, together with the Notice provided for in the Motion, is deemed to be sufficient and appropriate under the circumstances.

8.     The Voting Record Date and the Voting Deadline are approved.

9.     The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

10.     The Ballots, substantially in the form attached hereto as **Exhibits 4** and **Exhibit 6**, are approved.  The Master Ballot, substantially in the form attached hereto as **Exhibit 5**, is approved.

11.     The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

12.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to holders of claims that are (a) unimpaired and conclusively presumed to accept the Plan, or (b) impaired and deemed to reject the Plan.

13.     The U.S. Trustee need not and shall not convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within 75 days of the Petition Date.

14.     Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

15.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

KE 46057562

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: __3-14__, 2017
      Houston, Texas

                                                                                                                                    THE HONORABLE MARVIN ISGUR
                                                                                                                       UNITED STATES BANKRUPTCY JUDGE

5

## Exhibit 1

**Proposed Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES, (II) COMBINED HEARING ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINES, AND SUMMARY OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN

**NOTICE IS HEREBY GIVEN** as follows:

On March 13, 2017 (the "Petition Date"), Goodman Networks Incorporated and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 21] (as may be amended or modified from time to time and including all supplements and exhibits thereto, the "Plan") and proposed disclosure statement [Docket No. 24] (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, where they are available for review between the hours of 8:00 a.m. to 5:00 p.m., prevailing Central Time. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.txnb.uscourts.gov or free of charge on the Debtors' restructuring website at http://www.kccllc.net/goodman.[2]

The Plan is a "prepackaged" plan of reorganization. The primary purpose of the Plan is to effectuate a balance-sheet restructuring of the Debtors' business (the "Restructuring"). The Debtors

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); and Multiband Field Services, Inc. (1746). The location of the Debtors' service address is 2801 Network Blvd., Suite 300, Frisco, Texas 75034.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

<u>**Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement**</u>

The hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court (the "<u>Confirmation Hearing</u>") will be held before the Honorable Marvin Isgur, United States Bankruptcy Judge, in Room 404 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, on **April 19, 2017, at _____ .m., prevailing Central Time**.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

<u>**Information Regarding the Plan**</u>

**Voting Record Date**.  The voting record date is **March 2, 2017**, which was the date for determining which holders of claims in Class 3 and Class 9 of the Plan were entitled to vote.

**Objections to the Plan**.  The deadline for filing objections to the Plan is **April 12, 2017, at 4:00 p.m., prevailing Central Time**.  Any objections (each, an "<u>Objection</u>") to the Plan or the Disclosure Statement must:  (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the of the Local Bankruptcy Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **April 12, 2017, at 4:00 p.m., prevailing Central Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| *Proposed Counsel to the Debtors* | *Counsel to the Consenting Noteholders* |
|---|---|
| **Haynes and Boone, LLP**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Attn:  Stephen M. Pezanosky<br>J. Frasher Murphy<br>Matthew T. Ferris<br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Joshua A. Sussberg, P.C.<br>Alexander N. Cross<br>**Kirkland & Ellis LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:  Patrick J. Nash, Jr., P.C.<br>Joseph M. Graham | **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, New York 10036<br>Attn: Michael S. Stamer<br>Meredith Lahaie<br>Sara Lynne Brauner |

2

| *Bankruptcy Court Clerk* | *U.S. Trustee* |
|---|---|
| David J. Bradley, Clerk of the Court<br>United States Bankruptcy Court<br>for the Southern District of Texas<br>515 Rusk Street, Houston, Texas 77002 | **Office of the United States Trustee**<br>**for the Southern District of Texas**<br>515 Rusk Street, Suite 3516,<br>Houston, Texas 77002<br>Attn:   Hector Duran |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, and injunction provisions as follows:

### Relevant Definitions

"Exculpated Party" means, collectively, and in each case in its capacity as such:  (a) each of the Debtors; (b) any official committees appointed in the Chapter 11 Cases and each of their respective members; (c) each of the Consenting Parties; (d) each of the Exit Facility Lenders; (e) the Indenture Trustee; (f) the New Indenture Trustee; (g) the Exit Facility Agent; (h) DTC; and (i) with respect to each of the foregoing, such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former equity holders (regardless of whether such interests are held directly or indirectly), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

"Released Party" means collectively, and in each case in its capacity as such:  (a) each of the Debtors; (b) each of the Consenting Parties; (c) the Goodman MBE Group Entity; (d) each of the members of the Goodman MBE Group; (e) the Indenture Trustee; (f) the New Indenture Trustee; (g) each of the Exit Facility Lenders; (h) the Exit Facility Agent; (i) AT&T; (j) DTC; and (k) with respect to each of the foregoing entities in clauses (a) through (j), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided, however,* that any Entity identified in the foregoing clauses (a) through (k) that opts out of the releases shall not be a "Released Party"; *provided, further,* that no former director or officer of any Debtor shall be a "Released Party" (solely to the extent such former directors and officers are not also members of the Goodman MBE Group).

"Releasing Parties" means, collectively, (a) each of the Debtors; (b) each of the Consenting Parties; (c) the Goodman MBE Group Entity; (d) each of the members of the Goodman MBE Group; (e) each of the Exit Facility Lenders; (f) the Exit Facility Agent; (g) the Indenture Trustee; (h) the New Indenture Trustee; (i) AT&T; (j) all Holders of Claims or Interests that vote to accept the Plan; (k) all Holders of

3

Claims or Interests that abstain from voting on the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (l) all Holders of Claims or Interests that vote to reject the Plan <u>and</u> who do not opt out of the releases provided by the Plan; (m) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing entities in clauses (a) through (l), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

## A.     <u>Discharge of Claims</u>

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan or voted to reject the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date. Notwithstanding anything to the contrary in this Article XIII.B, all existing Interests in Goodman shall be continued and diluted in accordance with Article III of the Plan.

## B.     <u>Releases by the Debtors</u>

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Secured Notes, the Cash Collateral Order, the Intercreditor Agreement, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the RSA, the Disclosure Statement, the Exit Facility, the New Secured Notes, the Goodman MBE Group Consulting Contracts, the New Equity Documents, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created**

or entered into in connection with the RSA, the Disclosure Statement, the Exit Facility, the New Secured Notes, the Goodman MBE Group Consulting Contracts, the New Equity Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act, or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction.  Notwithstanding anything to the contrary in the foregoing:  (1) the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; and (2) the Debtor Release does not waive or release any right, claim, or Cause of Action (a) in favor of any Debtor or Reorganized Debtor, as applicable, arising under any contractual obligation owed to such Debtor or Reorganized Debtor not satisfied or discharged under the Plan or (b) as expressly set forth in the Plan or the Plan Supplement.

C.      <u>Releases by Holders of Claims and Interests</u>

        Effective as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Exit Facility, the Secured Notes, the Cash Collateral Order, the Intercreditor Agreement, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the RSA, the Disclosure Statement, the Exit Facility, the New Secured Notes, the Goodman MBE Group Consulting Contracts, the New Equity Documents, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Exit Facility, the New Secured Notes, the Goodman MBE Group Consulting Contracts, the New Equity Documents, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.  Notwithstanding the foregoing, the Third-Party Release with respect to each Debtor and Reorganized Debtor as a "Released Party" does not waive or release any right, defense, Claim, or Cause of Action by any Releasing Party arising in the ordinary course of business or under any current or former agreement between the Releasing Party

and the Debtor or Reorganized Debtor that has not otherwise been released, satisfied, or discharged under the Plan.

**D.      Exculpation**

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**F.      Injunction**

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner

6

any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Houston, Texas
Dated: [_____], 2017

    Stephen M. Pezanosky (TX Bar No. 15881850)
    J. Frasher Murphy (TX Bar No. 24013214)
    Matthew T. Ferris (TX Bar No. 24045870)
    **HAYNES AND BOONE, LLP**
    2323 Victory Avenue, Suite 700
    Dallas, Texas 75219
    Telephone:   (214) 651-5000
    Facsimile:   (214) 651-5940
    Email:      stephen.pezanosky@haynesboone.com
             frasher.murphy@haynesboone.com
             matt.ferris@haynesboone.com

    -and-

    Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
    Joseph M. Graham (*pro hac vice* pending)
    **KIRKLAND & ELLIS LLP**
    **KIRKLAND & ELLIS INTERNATIONAL LLP**
    300 North LaSalle
    Chicago, Illinois 60654
    Telephone:   (312) 862-2000
    Facsimile:   (312) 862-2200
    Email:      patrick.nash@kirkland.com
             joe.graham@kirkland.com

    -and-

    Joshua A. Sussberg, P.C. (*pro hac vice* pending)
    Alexander N. Cross (*pro hac vice* pending)
    **KIRKLAND & ELLIS LLP**
    **KIRKLAND & ELLIS INTERNATIONAL LLP**
    601 Lexington Avenue
    New York, New York 10022
    Telephone:   (212) 446-4800
    Facsimile:   (212) 446-4900
    Email:      joshua.sussberg@kirkland.com
             alex.cross@kirkland.com

    *Proposed Co-Counsel to the Debtors and Debtors in Possession*

7

## Exhibit 2

**Proposed Publication Notice**

KE 46057562

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES AND COMBINED HEARING ON DISCLOSURE
STATEMENT AND CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN**

<u>TO:</u>   **ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE THAT** on March 13, 2017 (the "<u>Petition Date</u>"), Goodman Networks Incorporated and certain of its affiliates, as debtors in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") filed with the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 21] (as may be amended or modified from time to time and including all supplements and exhibits thereto, the "<u>Plan</u>") and proposed disclosure statement [Docket No. 24] (the "<u>Disclosure Statement</u>") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, where they are available for review between the hours of 8:00 a.m. to 5:00 p.m., prevailing Central Time. The Plan and Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.txnb.uscourts.gov, or free of charge on the Debtors' restructuring website at http://www.kccllc.net/goodman.[2]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "<u>Confirmation Hearing</u>") will be held before the Honorable Marvin Isgur, United States Bankruptcy Judge, in Room 404 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, on April 19, 2017, at _____ __.m., prevailing Central Time, to consider the adequacy of the Disclosure Statement, any objections to the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); and Multiband Field Services, Inc. (1746).  The location of the Debtors' service address is 2801 Network Blvd., Suite 300, Frisco, Texas 75034.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

      **PLEASE TAKE FURTHER NOTICE THAT** objections (each, an "<u>Objection</u>"), if any, to the Plan or the Disclosure Statement <u>must</u>: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the of the Local Bankruptcy Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity or individual; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served so as to be **<u>actually received</u>** no later than April 12, 2017, at 4:00 p.m., prevailing Central Time, by those parties who have a filed a notice of appearance in the Debtors' chapter 11 cases as well as each of the following parties:

| *Proposed Counsel to the Debtors* | *Counsel to the Consenting Noteholders* |
|---|---|
| **Haynes and Boone, LLP**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Attn:  Stephen M. Pezanosky<br>J. Frasher Murphy<br>Matthew T. Ferris<br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Joshua A. Sussberg, P.C.<br>Alexander N. Cross<br>**Kirkland & Ellis LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:  Patrick J. Nash, Jr., P.C.<br>Joseph M. Graham | **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, New York 10036<br>Attn: Michael S. Stamer<br>Meredith Lahaie<br>Sara Lynne Brauner |
| *Bankruptcy Court Clerk* | *U.S. Trustee* |
| David J. Bradley, Clerk of the Court<br>United States Bankruptcy Court<br>for the Southern District of Texas<br>515 Rusk Street, Houston, Texas 77002 | **Office of the United States Trustee<br>for the Southern District of Texas**<br>515 Rusk Street, Suite 3516,<br>Houston, Texas 77002<br>Attn:   Hector Duran |

      **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

      **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN ARTICLE VIII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Houston, Texas
Dated:    [_____], 2017

Stephen M. Pezanosky (TX Bar No. 15881850)
J. Frasher Murphy (TX Bar No. 24013214)
Matthew T. Ferris (TX Bar No. 24045870)
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Facsimile:    (214) 651-5940
Email:         stephen.pezanosky@haynesboone.com
               frasher.murphy@haynesboone.com
               matt.ferris@haynesboone.com

-and-

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Joseph M. Graham (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         patrick.nash@kirkland.com
               joe.graham@kirkland.com

-and-

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Alexander N. Cross (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               alex.cross@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 3**

**Cure Notice**

KE 46057562

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE TO COUNTERPARTIES OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASE

> ### YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
> ### OR ONE OF YOUR AFFILIATES MAY BE A COUNTERPARTY TO AN
> ### EXECUTORY CONTRACT OR AN UNEXPIRED LEASE WITH ONE OR
> ### MORE OF THE DEBTORS AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO[2]

**PLEASE TAKE NOTICE** that on March 13, 2017 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed with the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 21] (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "<u>Plan</u>") and the related *Disclosure Statement for the Debtors' Joint Prepackaged Plan of Reorganization* [Docket No. 24] (the "<u>Disclosure Statement</u>") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>").[3]

**PLEASE TAKE FURTHER NOTICE** that under the terms of Article V of the Plan, each Executory Contract and Unexpired Lease of a Debtor shall be deemed assumed pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date of the Plan, except for any Executory Contracts or Unexpired Leases that:

    1.   previously was assumed or rejected by the Debtors;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); and Multiband Field Services, Inc. (1746).  The location of the Debtors' service address is 2801 Network Blvd., Suite 300, Frisco, Texas 75034.

[2] This notice is being sent to counterparties to Executory Contracts and Unexpired Leases and is <u>not</u> an admission by the Debtors that such contract or lease is executory or unexpired or that the Debtors will at any point assume or assume and assign such Contract or Lease.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Disclosure Statement, as applicable.

2. previously expired or terminated pursuant to its own terms;

3. is the subject of a motion to reject Executory Contracts or Unexpired Leases that is filed on or before the Effective Date; or

4. is identified as an Executory Contract or Unexpired Lease on the Rejected Contracts and Unexpired Leases List, if any.

You are receiving this notice because you or one of your affiliates may be a counterparty to an Executory Contract or an Unexpired Lease with one or more of the Debtors.

**PLEASE TAKE FURTHER NOTICE that the Debtors may assume the Executory Contracts or Unexpired Leases listed on <u>Exhibit A</u> attached hereto to which you are a counterparty.** The Debtors have conducted a review of the Debtors' books and records and have determined that, to the extent the Debtors assume the Executory Contracts or Unexpired Leases to which you are a counterparty, the amount to cure unpaid obligations under such contract or lease (the "Cure Claim") is as set forth on <u>Exhibit A</u>. If you fail to object in a timely manner to the (i) proposed assumption or assumption and assignment or (ii) related Cure Claim with respect to any Executory Contract or Unexpired Lease, you will be deemed to have assented to such assumption or assumption and assignment and Cure Claim. Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or related Cure Claim must be filed with the Bankruptcy Court and served so as to be <u>**actually received**</u> no later than <u>**April 27, 2017, at 5:00 p.m., prevailing Central Time**</u>, by the following parties:

| *Proposed Counsel to the Debtors* | *Counsel to the Consenting Noteholders* |
|---|---|
| **Haynes and Boone, LLP**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Attn:  Stephen M. Pezanosky<br>J. Frasher Murphy<br>Matthew T. Ferris<br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Joshua A. Sussberg, P.C.<br>Alexander N. Cross<br>**Kirkland & Ellis LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:  Patrick J. Nash, Jr., P.C.<br>Joseph M. Graham | **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, New York 10036<br>Attn: Michael S. Stamer<br>Meredith Lahaie<br>Sara Lynne Brauner |
| *Bankruptcy Court Clerk* | *U.S. Trustee* |
| David J. Bradley, Clerk of the Court<br>United States Bankruptcy Court<br>for the Southern District of Texas<br>515 Rusk Street, Houston, Texas 77002 | **Office of the United States Trustee**<br>**for the Southern District of Texas**<br>515 Rusk Street, Suite 3516,<br>Houston, Texas 77002<br>Attn:   Hector Duran |

KE 46057562

**PLEASE TAKE FURTHER NOTICE** that in the event of a dispute regarding: (a) any Cure Claim; (b) the ability of the Debtors or any assignee, as applicable, to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under any of your Executory Contracts or Unexpired Leases; or (c) any other matter pertaining to assumption or assumption and assignment of any of your Executory Contracts or Unexpired Leases, the satisfaction of any Cure Claim will be made following the entry of a Final Order resolving the dispute and approving the assumption of such Executory Contracts or Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE** that assumption and assignment of any Executory Contract or Unexpired Lease pursuant to the Plan, or otherwise, shall result in the full release and satisfaction of any Claims or defaults, subject to satisfaction of the Cure Claims, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption and/or assignment. Any Proofs of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Executory Contract or Unexpired Lease on **Exhibit A** does not require or guarantee that such Executory Contract or Unexpired Lease will be assumed by the Debtors at any time, and all rights of the Debtors with respect to such Executory Contracts and Unexpired Leases are reserved.

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, the Plan, and other documents and materials included in the Solicitation Package, except Ballots, may be obtained at no charge from Kurtzman Carson Consultants LLC, the claims agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent") by: (a) accessing the Solicitation Agent's website at http://www.kccllc.net/goodman; (b) writing to the Solicitation Agent at 1290 Avenue of the Americas, 9th Floor, New York, NY, 10104; (c) emailing the Solicitation Agent at goodmanballots@kccllc.com; or (d) calling the Solicitation Agent at 877-833-4150. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at https://ecf.txnb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE** that if you have any questions about this notice you should contact the Solicitation Agent in accordance with the instructions provided above.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3

## Exhibit A

**Executory Contracts and Unexpired Leases**

## Exhibit 4

**Form of Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' JOINT
PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 3—SECURED NOTES CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED OR NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' NOTICE, CLAIMS, AND BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC (THE "SOLICITATION AGENT") BY: (A) EMAILING THE SOLICITATION AGENT AT GOODMANBALLOTS@KCCLLC.COM; (B) CALLING THE SOLICITATION AGENT AT 877-833-4150; OR (C) ACCESSING THE SOLICITATION AGENT'S WEBSITE AT HTTP://WWW.KCCLLC.NET/GOODMAN.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR BEHALF, MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 3, 2017 (THE "VOTING DEADLINE")**. IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT COUNT.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); Multiband Field Services, Inc. (1746).  The location of the Debtors' service address is 2801 Network Blvd., Suite 300 Frisco, Texas 75034.

This ballot (the "Ballot") is being sent to you because the records maintained by your Nominee[2] indicate that you are a Beneficial Holder[3] of a Class 3 Secured Note Claim as of March 2, 2017 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (as may be further amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Plan").[4]  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone number set forth above.

Your rights are described in the *Disclosure Statement for the Debtors' Joint Prepackaged Plan of Reorganization,* dated March 3, 2017 (the "Disclosure Statement").  The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package") in electronic format on the enclosed flash drive.  Upon request, the Solicitation Agent will provide paper copies of the Plan and Disclosure Statement at the Debtors' expense.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.*

> **IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO KURTZMAN CARSON CONSULTANTS LLC, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY KURTZMAN CARSON CONSULTANTS LLC BEFORE THE VOTING DEADLINE.**
>
> **IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOUR COMPLETED BALLOT MUST BE SENT TO YOUR NOMINEE, <u>NOT</u> KURTZMAN CARSON CONSULTANTS LLC, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO KURTZMAN CARSON CONSULTANTS LLC SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.**

<u>Item 1.</u>  **Principal Amount of Class 3 Secured Note Claim.**

The undersigned hereby certifies that as of the Voting Record Date, it was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of a Class 3 Secured Note Claim in the following aggregate principal amount (*insert amount in box below*).



If a Nominee holds your Class 3 Secured Note Claim and you do not know the amount of such holdings, please contact your Nominee immediately.

---

2  *"Nominee"* means the broker, dealer, commercial bank, trust company, savings and loan, financial institution, or other such party in whose name your beneficial ownership in Class 3 Secured Notes Claims is registered or held of record on your behalf as of the Voting Record Date.

3  A *"Beneficial Holder"* is a beneficial owner of Class 3 Secured Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, *as reflected in the records maintained by the Nominees* (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

4  Capitalized terms used and not defined herein have the meaning given to such terms in the Plan.

<u>Item 2</u>. Vote of Class 3 Secured Note Claim.

The Beneficial Holder of the Class 3  Secured Note Claim set forth in Item 1 votes to (*please check one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ☐ | ☐ |

<u>Item 3</u>.  Optional Release Election.

Article VIII.E of the Plan provides for a third party release (the "<u>Third Party Release</u>"):

EFFECTIVE AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS, THE EXIT FACILITY, THE SECURED NOTES, THE CASH COLLATERAL ORDER, THE INTERCREDITOR AGREEMENT, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE, THE RSA, THE DISCLOSURE STATEMENT, THE EXIT FACILITY, THE NEW SECURED NOTES, THE GOODMAN MBE GROUP CONSULTING CONTRACTS, THE NEW EQUITY DOCUMENTS, THE PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE EXIT FACILITY, THE NEW SECURED NOTES, THE GOODMAN MBE GROUP CONSULTING CONTRACTS, THE NEW EQUITY DOCUMENTS, OR THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT, OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.  NOTWITHSTANDING THE FOREGOING, THE THIRD-PARTY RELEASE WITH RESPECT TO EACH DEBTOR AND REORGANIZED DEBTOR AS A "RELEASED PARTY" DOES NOT WAIVE OR RELEASE ANY RIGHT, DEFENSE, CLAIM, OR CAUSE OF ACTION BY ANY RELEASING PARTY ARISING IN THE ORDINARY COURSE OF BUSINESS OR UNDER ANY CURRENT OR FORMER AGREEMENT BETWEEN THE RELEASING PARTY AND THE DEBTOR OR REORGANIZED DEBTOR THAT HAS NOT OTHERWISE BEEN RELEASED, SATISFIED, OR DISCHARGED UNDER THE PLAN.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE

UNDER THE PLAN, "RELEASING PARTIES" MEANS, COLLECTIVELY, (A) EACH OF THE DEBTORS; (B) EACH OF THE CONSENTING PARTIES; (C) THE GOODMAN MBE GROUP ENTITY; (D) EACH OF THE MEMBERS OF THE GOODMAN MBE GROUP; (E) EACH OF THE EXIT FACILITY LENDERS; (F) THE EXIT FACILITY AGENT; (G) THE INDENTURE TRUSTEE; (H) THE NEW INDENTURE TRUSTEE; (I) AT&T; (J) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (K) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (M) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (L), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.E OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU CHECK THE BOX BELOW AND (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, OR (D) VOTE TO REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.

□ **The undersigned elects to OPT OUT of the Third Party Release**

**Item 4.** **Class 3 Secured Notes Claims held in Additional Accounts.**

By returning this Ballot, the Beneficial Holder of the Secured Notes Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Secured Notes Claims owned by such Beneficial Holder as indicated in Item 1, except for the Secured Notes Claims identified in the following table, and (b) all Ballots for Secured Notes Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).  **To be clear, if any Beneficial Holder holds Secured Notes Claims through one or more Nominees, such Beneficial Holder must identify all Secured Notes Claims held through each Nominee in the following table, and must confirm the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE THIS ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS

| Account Number | Name of Holder[5] | Principal Amount of Other Class 3 Secured Notes Claims Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.  as of the Voting Record Date, it was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Class 3 Secured Note Claim set forth in Item 1;

2.  it is eligible to be treated as the Holder of the Class 3 Secured Note Claim set forth in Item 1 for the purposes of voting on the Plan;

3.  it has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.  it has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5.  it has cast the same vote with respect to each of the Holder's Class 3 Secured Notes Claims;

6.  it understands the treatment provided for its Class 3 Secured Notes Claims under the Plan;

7.  it understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.  it acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary, provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required to by the Bankruptcy Court;

9.  it understands and acknowledges that only the latest-dated Ballot cast prior to the Voting Deadline with respect to the Class 3 Secured Notes Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 3 Secured Note Claim set forth in Item 1, such other Ballot shall be deemed revoked;

---

[5]  Insert your name if the Class 3 Secured Note Claim is held by you in record name or, if held in street name, insert the name of your Nominee.

10. it understands and acknowledges that the securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission, and that such securities will be acquired for the Holder's own account and not with a view to any distribution of such securities in violation of the United States Securities Act of 1933;

11. it understands and acknowledges that any New Common Stock or PIK Preferred Stock issued pursuant to the Plan shall be subject to a Shareholders Agreement, the terms of which will be disclosed in the Plan Supplement in accordance with the terms of the Plan (*please see the Plan and Disclosure Statement for further information*); and

12. it understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 6.** **Holder Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Beneficial Holder: _____

Social Security Number or
Federal Tax Identification
Number (optional) _____

Signature: _____

Signatory Name (if other than
the Beneficial Holder): _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED TO THE ADDRESSEE SPECIFIED THEREON.   THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR BEHALF, MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 3 Secured Notes Claims with respect to the Plan. The Plan and Disclosure Statement are included in the packet you are receiving with the Ballot. Capitalized terms used and not defined herein have the meaning given to such terms in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the Holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must deliver your Ballot to the following:

   a. If you received a Ballot and return envelope addressed to your Nominee, you must return your completed Ballot directly to your Nominee in accordance with the instructions provided by your Nominee, and, in any event, in sufficient time to permit your Nominee to deliver your votes on a completed Master Ballot so that it is **actually received** by the Solicitation Agent before the Voting Deadline.

   b. If you received a Ballot and a return envelope addressed to the Solicitation Agent, you must deliver your completed Ballot directly to the Solicitation Agent by using the enclosed return envelope addressed to Kurtzman Carson Consultants LLC so as to be **actually received** by the Solicitation Agent before the Voting Deadline.

4. If you choose to abstain from voting your Class 3 Secured Note Claims but wish to opt-out of the Third Party Release, you must indicate your intent to opt-out of the third party release on the Ballot, and return the Ballot to the Solicitation Agent or your Nominee, as applicable, in accordance with these instructions.

5. Any ballot received by the Solicitation Agent (including via a Nominee on a Master Ballot) after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when Kurtzman Carson Consultants LLC actually receives the executed Ballot or Master Ballot, as applicable. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

6. If you deliver multiple Ballots to the Solicitation Agent or Nominee, as applicable, the last Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or to abstain from voting and opt-out of the release by Holders of Claims and Interests provided by the Plan. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of a Claim or Interest; or (b) an assertion or admission of a Claim or Interest.

9. You must vote all of your Claims or Interests within a particular Class either to accept or reject the Plan (you may not split your vote).

10. Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence to the requesting party to so act on behalf of such Nominee or Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11. If you hold Claims or Interests in more than one Class under the Plan, or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

12. The following Ballots or Master Ballots, as applicable, shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot or Master Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot that partially rejects and partially accepts the Plan; (f) any Ballot or Master Ballot not marked to accept, reject, or abstain from voting on the Plan or marked both to accept and reject the Plan; and (g) any Ballot or Master Ballot superseded by a later, timely submitted valid Ballot.

13. If you believe you have received the wrong Ballot, you should contact the Solicitation Agent immediately at 877-833-4150.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE SOLICITATION AGENT
AT 877-833-4150**

## Exhibit 5

**Form of Master Ballot**

Goodman Networks Incorporated, *et al.*
Class 3 Master Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 3—SECURED NOTES CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED OR NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' NOTICE, CLAIMS, AND BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC (THE "SOLICITATION AGENT") BY: (A) EMAILING THE SOLICITATION AGENT AT GOODMANBALLOTS@KCCLLC.COM; (B) CALLING THE SOLICITATION AGENT AT 877-833-4150; OR (C) ACCESSING THE SOLICITATION AGENT'S WEBSITE AT HTTP://WWW.KCCLLC.NET/GOODMAN.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 3, 2017 (THE "VOTING DEADLINE")**. IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR MASTER BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT COUNT.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The Debtors are sending this master ballot (the "Master Ballot") to brokers, dealers, commercial banks, trust companies, or other agent nominees (each, a "Nominee") of Beneficial Holders of Class 3 Secured Notes Claims as of March 2, 2017 (the "Voting Record Date").[2] Nominees should use the Master Ballot to (a) cast votes to accept or reject the Plan and (b) make elections, each on behalf of and in accordance with the ballots cast by the Beneficial Holders holding Class 3 Secured Notes Claims through them. In lieu of submitting this Master Ballot, Nominees may also send Beneficial Holders a pre-validated Class 3 Secured Notes Claims ballot (a "Pre-Validated Ballot").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); Multiband Field Services, Inc. (1746). The location of the Debtors' service address is 2801 Network Blvd., Suite 300 Frisco, Texas 75034.

[2]  A "*Beneficial Holder*" is a beneficial owner of Class 3 Secured Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

Based on your decision whether or not to pre-validate the ballot, the below guidance with respect to pre-validation is mutually exclusive.

PRE-VALIDATED BALLOT.  You may pre-validate a ballot by completing a ballot with the exception of Items 2, 3 and 4 and indicating on the ballot:  (a) the name of the Nominee; (b) the aggregate principal amount of Class 3 Secured Notes Claims held by such Nominee for the Beneficial Holder; and (c) the account number(s) for the account(s) in which such Class 3 Secured Notes Claims are held by the Nominee.  Once you pre-validate a ballot, you must IMMEDIATELY forward the solicitation materials to each applicable Beneficial Holder, including (i) the pre-validated ballot, (ii) a postage pre-paid return envelope addressed to the Solicitation Agent, and (iii) clear instructions that the Beneficial Holder must return its completed and executed ballot to the Solicitation Agent before the Voting Deadline.

NOT PRE-VALIDATED BALLOT.  If you choose not to pre-validate ballots, you must IMMEDIATELY forward the solicitation materials to each Beneficial Holder, including (a) the ballot, (b) a return envelope addressed to you, its Nominee, and (c) clear instructions stating that the Beneficial Holder must return its ballot directly to you in sufficient time to allow you to execute this Master Ballot and return it to the Solicitation Agent before the Voting Deadline.  Upon receipt of completed and executed ballots returned to you by the Beneficial Holder, you must compile and validate the Beneficial Holder's votes and other relevant information using the customer's name or account number.  You must then execute this Master Ballot and transmit it to the Solicitation Agent by the Voting Deadline.  Retain such ballots in your files for a period of one (1) year after the effective date of the Plan (as you may be ordered to produce the Beneficial Holder ballots to the Debtors or the Bankruptcy Court).

NO fees or commissions or other remuneration will be payable to you in your capacity as Nominee for soliciting votes on the proposals related to the Plan.  The Debtors will, however, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the ballot and other enclosed materials to Beneficial Holders.

This Master Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (as may be further amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Plan").[3]  Your rights and the rights of Beneficial Holders are described in the *Disclosure Statement for the Debtors' Joint Prepackaged Plan of Reorganization*, dated March 3, 2017 (the "Disclosure Statement").  The Plan, Disclosure Statement, and Class 3 Secured Notes Claims ballot (the "Beneficial Holder Ballot") were sent to you (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package").  If you believe you have received this Master Ballot in error or if you believe you received the wrong Master Ballot, please contact the Solicitation Agent immediately.

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐   is a Nominee for Beneficial Holder(s) on account of the Class 3 Secured Notes Claims listed in Item 2 below;

☐   acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by the Beneficial Holder or a Nominee that is the registered Holder of the Class 3 Secured Notes Claims listed in Item 2 below; or

☐   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) the Beneficial Holder that is the registered Holder of Class 3 Secured Notes Claims listed in Item 2 below.

Accordingly, the undersigned certifies that it has full power and authority to vote to accept or reject the Plan on behalf of such Beneficial Holder(s) on account of such Class 3 Secured Note Claim.

---

[3]   Capitalized terms used and not defined herein have the meaning given to such terms in the Plan.

**Items 2 and 3.  Vote of Class 3 Secured Notes Claims and Release Provisions.**

The undersigned transmits the following votes of Beneficial Holders in respect of their Class 3 Secured Notes Claims, and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[4]

| Customer Account Number or Name of Each Beneficial Holder | Vote on Plan of Reorganization | | Check here if Beneficial Holder checked the box in Item 3 of the Beneficial Holder Ballot |
|---|---|---|---|
| | Accept the Plan | Reject the Plan | |
| 1. | $ | $ | |
| 2. | $ | $ | |
| 3. | $ | $ | |
| 4. | $ | $ | |
| 5. | $ | $ | |
| 6. | $ | $ | |
| 7. | $ | $ | |
| 8. | $ | $ | |
| 9. | $ | $ | |
| 10. | $ | $ | |
| TOTAL | $ | $ | |

**Item 4.  Certification as to Transcription of Information from Item 4 as to Class 3 Secured Notes Claims Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 3 Secured Notes Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

| Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot | | | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: |
|---|---|---|---|
| | Account Number | Name of Holder | Principal Amount of Other Class 3 Secured Note Claims Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |

---

[4]   Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Holder must vote *all* of such Beneficial Holder's Class 3 Secured Notes Claims to accept *or* to reject the Plan and may *not* split such vote.  Any ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or which indicates both an acceptance and a rejection of the Plan shall not be counted.

Goodman Networks Incorporated, *et al.*
Class 3 Master Ballot

| Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot | Account Number | Name of Holder | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: |
|---|---|---|---|
| | | | Principal Amount of Other Class 3 Secured Note Claims Voted |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 5.** **Certification.**

By signing this Master Ballot, the undersigned certifies that:

(a)     (i) it has received a copy of the Disclosure Statement, Master Ballot, Beneficial Holder Ballot, and the Solicitation Package, and has delivered the same to Beneficial Holders holding Class 3 Secured Notes Claims through the undersigned; (ii) it has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder; (iii) it is the registered Holder of the securities being voted or agent thereof; and (iv) it has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(b)     it has properly disclosed: (i) the number of Beneficial Holders holding Class 3 Secured Notes Claims through the undersigned; (ii) the respective amounts of Class 3 Secured Notes Claims owned by each Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Holder;

(c)     if it is a Beneficial Holder and uses this Master Ballot to vote undersigned's Class 3 Secured Notes Claims, it confirms and attests to each of the certifications in Item 5 of the Beneficial Holder Ballot;

(d)     each such Beneficial Holder has certified to it, or an intermediary Nominee, as applicable, that the Beneficial Holder is eligible to vote on the Plan; and

(e)     it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Goodman Networks Incorporated, *et al.*
Class 3 Master Ballot

<u>Item 6</u>. **Nominee Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Nominee Name:

Participant Number:

Name of Agent for Nominee:

Social Security (Last 4 Digits)
or Federal Tax Identification
Number (Optional):

Signature:

Signatory Name (if other than
Nominee):

Title:

Address:

Email Address:

Date Completed:

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.   THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED BY ONE OF THE FOLLOWING RETURN METHODS SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE: (I) IN THE ENCLOSED PRE-PAID, PRE-ADDRESSED RETURN ENVELOPE, (II) VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS SET FORTH BELOW, OR (III) VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED MASTER BALLOT) TO GOODMANBALLOTS@KCCLLC.COM. PLEASE CHOOSE ONLY ONE METHOD TO RETURN THIS MASTER BALLOT.   THIS MASTER BALLOT MUST BE RECEIVED BEFORE THE VOTING DEADLINE.**

*1290 Avenue of the Americas, 9th Floor*
**New York, NY 10104**
**Telephone: 917-821-4800**
**Email: goodmanballots@kccllc.com**

## MASTER BALLOT INSTRUCTIONS

1.　To have the votes of your Beneficial Holders count, you should already have done one of the following:

   (a)　delivered Beneficial Holder Ballots and the Solicitation Package to each Beneficial Holder with clear instructions on when to return such ballots to you to allow you to complete and return this Master Ballot so that the Solicitation agent *actually receives* it prior to the Voting Deadline;

   or

   (b)　if you are not submitting this Master Ballot, send Beneficial Holders Pre-Validated Ballots in their Solicitation Package for direct return to the Solicitation Agent.

2.　The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Beneficial Holders if it is accepted by the Holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the Holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.　With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holder count, you must: (a) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot; (b) execute the Master Ballot; and (c) deliver the Master Ballot to the Solicitation Agent in accordance with the instructions on the Master Ballot.

4.　If the Master Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  The method of delivery of the Master Ballot to the Solicitation Agent is at your election and risk.

5.　Please keep any records of Beneficial Holder Ballots received from Beneficial Holders for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order).  You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

6.　If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 3 Secured Note Claims for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or the Master Ballot for such Class 3 Secured Notes Claims.

7.　The Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan.

8.　The Master Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or Interest.

9.　The following Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Master Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class entitled to vote on the Plan; (c) any Master Ballot cast for a Claim or Interest scheduled as unliquidated, contingent, or disputed for which no proof of claim or interest was timely Filed; (d) any unsigned Master Ballot; and (e) any Master Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

10.　The Master Ballot should not be sent to the Debtors, any indenture trustee, or the Debtors' financial or legal advisors.

11.　If you believe you have received the wrong ballot, you should contact the Solicitation Agent immediately at 917-281-4800.

Goodman Networks Incorporated, *et al.*
Class 3 Master Ballot

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE SOLICITATION AGENT
AT 917-281-4800**

## Exhibit 6

**Form of Class 9 Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOODMAN NETWORKS INCORPORATED, *et al.*,[1] | ) | Case No. 17-31575 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' JOINT PREPACKAGED
CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 9—INTERESTS IN GOODMAN**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED OR NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' NOTICE, CLAIMS, AND BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC (THE "SOLICITATION AGENT") BY: (A) EMAILING THE SOLICITATION AGENT AT GOODMANBALLOTS@KCCLLC.COM; (B) CALLING THE SOLICITATION AGENT AT 877-833-4150; OR (C) ACCESSING THE SOLICITATION AGENT'S WEBSITE AT HTTP://WWW.KCCLLC.NET/GOODMAN.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 3, 2017 (THE "VOTING DEADLINE").** IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT COUNT.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

This ballot (the "Ballot") is being sent to you because the Debtors' records indicate that you are a Holder of a Class 9 Interest in Goodman as of March 2, 2017 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (as may be further amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Plan").[2] This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. If you believe you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Goodman Networks Incorporated (9460); Goodman Networks Services, LLC (8389); Multiband Field Services, Inc. (1746).  The location of the Debtors' service address is 2801 Network Blvd., Suite 300 Frisco, Texas 75034.

[2] Capitalized terms used and not defined herein have the meaning given to such terms in the Plan.

have received this Ballot in error, please contact the Solicitation Agent at the address or telephone number set forth above.

Your rights are described in the *Disclosure Statement for the Debtors' Joint Prepackaged Plan of Reorganization,* dated March 3, 2017 (the "Disclosure Statement"). The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package") in electronic format on the enclosed flash drive. Upon request, the Solicitation Agent will provide paper copies of the Plan and Disclosure Statement at the Debtors' expense.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Interest under the Plan. Your Interest has been placed in Class 9 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.*

**Item 1.** **Number of Shares of Class 9 Interests in Goodman.**

The undersigned hereby certifies that as the Voting Record Date, it was the Holder of the following aggregate number of units of Class 9 Interests in Goodman (*insert amount in box below*).

> Amount of Interests:_____

**Item 2.** **Vote of Class 9 Interests in Goodman.**

The Holder of the Class 9 Interests in Goodman set forth in Item 1 votes to (*please check one*):

| **Accept** the Plan ☐ | **Reject** the Plan ☐ |
|---|---|

Please note that you are voting all of your Class 9 Interests in Goodman either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

*The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast above will be applied in the same manner and in the same amount in Class 9 against each applicable Debtor.*

**Item 3.** **Optional Release Election.**

**Article VIII.E. of the Plan provides for a third party release (the "Third Party Release"):**

**EFFECTIVE AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS, THE EXIT FACILITY, THE SECURED NOTES, THE CASH COLLATERAL ORDER, THE INTERCREDITOR AGREEMENT, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE, THE RSA, THE DISCLOSURE STATEMENT, THE EXIT FACILITY, THE NEW SECURED NOTES, THE GOODMAN MBE GROUP CONSULTING CONTRACTS, THE NEW EQUITY**

DOCUMENTS, THE PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RSA, THE EXIT FACILITY, THE NEW SECURED NOTES, THE GOODMAN MBE GROUP CONSULTING CONTRACTS, THE NEW EQUITY DOCUMENTS, OR THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT, OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.  NOTWITHSTANDING THE FOREGOING, THE THIRD-PARTY RELEASE WITH RESPECT TO EACH DEBTOR AND REORGANIZED DEBTOR AS A "RELEASED PARTY" DOES NOT WAIVE OR RELEASE ANY RIGHT, DEFENSE, CLAIM, OR CAUSE OF ACTION BY ANY RELEASING PARTY ARISING IN THE ORDINARY COURSE OF BUSINESS OR UNDER ANY CURRENT OR FORMER AGREEMENT BETWEEN THE RELEASING PARTY AND THE DEBTOR OR REORGANIZED DEBTOR THAT HAS NOT OTHERWISE BEEN RELEASED, SATISFIED, OR DISCHARGED UNDER THE PLAN.

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**

UNDER THE PLAN, "RELEASING PARTIES" MEANS, COLLECTIVELY, (A) EACH OF THE DEBTORS; (B) EACH OF THE CONSENTING PARTIES; (C) THE GOODMAN MBE GROUP ENTITY; (D) EACH OF THE MEMBERS OF THE GOODMAN MBE GROUP; (E) EACH OF THE EXIT FACILITY LENDERS; (F) THE EXIT FACILITY AGENT; (G) THE INDENTURE TRUSTEE; (H) THE NEW INDENTURE TRUSTEE; (I) AT&T; (J) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (K) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (M) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (L), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.E OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES

AND <u>ONLY IF</u> YOU CHECK THE BOX BELOW AND (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, OR (D) VOTE TO REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.

☐ **The undersigned elects to OPT OUT of the Third Party Release**

<u>Item 4</u>. **Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, it is (a) the Holder of the Class 9 Interest in Goodman being voted or (b) the authorized signatory for an entity that is a Holder of such Interests;

2. it is eligible to be treated as the Holder of the Class 9 Interest in Goodman set forth in Item 1 for the purposes of voting on the Plan;

3. it has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4. it has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5. it has cast the same vote with respect to each of the Holder's Class 9 Interests in Goodman;

6. it understands the treatment provided for its Class 9 Interests in Goodman under the Plan;

7. it understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. it acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary, <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required to by the Bankruptcy Court;

9. it understands and acknowledges that only the latest-dated Ballot cast prior to the Voting Deadline with respect to the Class 9 Interest in Goodman set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 9 Interest in Goodman set forth in Item 1, such other Ballot shall be deemed revoked;

10. it understands and acknowledges that the securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission, and that such securities will be acquired for the Holder's own account and not with a view to any distribution of such securities in violation of the United States Securities Act of 1933;

11. it understands and acknowledges that any New Common Stock or PIK Preferred Stock issued pursuant to the Plan shall be subject to a Shareholders Agreement, the terms of which will be disclosed in the Plan Supplement in accordance with the terms of the Plan (*please see the Plan and Disclosure Statement for further information*); and

12. it understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Goodman Networks Incorporated, *et al.*
Class 9 Ballot

<u>Item 5</u>. **Holder Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Holder: _____

Social Security Number or
Federal Tax Identification
Number (optional) _____

Signature: _____

Signatory Name (if other than
the Holder):[3] _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED BY ONE OF THE FOLLOWING RETURN METHODS SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE: (I) IN THE ENCLOSED PRE-PAID, PRE-ADDRESSED RETURN ENVELOPE, (II) VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS SET FORTH BELOW, OR (III) VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED BALLOT) TO GOODMANBALLOTS@KCCLLC.COM. PLEASE CHOOSE ONLY ONE METHOD TO RETURN YOUR BALLOT. YOUR BALLOT MUST BE RECEIVED BEFORE THE VOTING DEADLINE.**

**1290 Avenue of the Americas, 9th Floor**
**New York, NY 10104**
**Telephone: 877-833-4150**
**Email: goodmanballots@kccllc.com**

---

[3]   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 9 Interests in Goodman with respect to the Plan. The Plan and Disclosure Statement are included in the packet you are receiving with the Ballot. Capitalized terms used and not defined herein have the meaning given to such terms in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the Holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope, or by following the additional instructions described on your Ballot. Your completed Ballot must be **actually received** by the Solicitation Agent before the Voting Deadline.

4. If you choose to abstain from voting your Class 9 Interests in Goodman but wish to opt-out of the Third Party Release, you must indicate your intent to opt-out of the third party release on the Ballot, and return the Ballot to the Solicitation Agent in accordance with these instructions before the Voting Deadline.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent actually receives the executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtor or the Debtors' financial or legal advisors.

6. If multiple Ballots are received from an individual Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims or Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission of a Claim or Interest.

9. You must vote all of your Claims or Interests within a particular Class either to accept or reject the Plan (you may not split your vote).

10. Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11. If you hold Claims or Interests in more than one Class under the Plan, or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

12. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned Ballot; (d) any Ballot that does not contain an original signature; (e) any Ballot that partially rejects and partially accepts the Plan; (f) any

Ballot not marked to accept, reject, or abstain from voting on the Plan or marked both to accept and reject the Plan; and (g) any Ballot superseded by a later, timely submitted valid Ballot.

13. If you believe you have received the wrong Ballot, you should contact the Solicitation Agent immediately at 877-833-4150.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY!**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE SOLICITATION AGENT
AT 877-833-4150**